GEORGE FOX v. MILES N. ROUSE.

*Commissions for finding purchaser.*

An agent who is promised a commission for finding a purchaser does not lose his right to it where without his knowledge another agent of his employer has meanwhile effected a sale.

Error to Saginaw.   Submitted Jan. 13.   Decided Jan. 25.

ASSUMPSIT. Defendant brings error. Affirmed.

*Wisner & Draper* for plaintiff in error. Where one who employs an agent to sell his property, sells it himself, the agent is not entitled to a commission: *Wylie v. Maine Nat. Bank* 61 N. Y. 415; *McClave v. Paine* 49 N. Y. 561; he can also employ several agents, and if either sells, the authority of the others to sell is revoked: *Davol v. Quimby* 11 Allen 208; Story on Agency, 499.

*George A. Flanders* for defendant in error.

MARSTON, J. This action was commenced by Rouse to recover a five per cent. commission which he claimed to have earned in selling, or finding parties willing to purchase, a section of land owned by Fox for the sum of $12,800— $5000 to be paid in cash and the balance in one or two years. There was no question raised on the trial but that Rouse was employed by Fox for such purpose; that he made efforts to find purchasers; that on September 19th he received a proposition for the purchase of two eighties of this land, which he communicated by letter of that date to his principal.

There was testimony tending to show that he had on the afternoon of the same day a farther conversation with the same parties, about their purchasing the entire section, and that on the 23d of September an oral agreement was made for the purchase of the entire tract at the price already stated, but the method of payment was not agreed upon until a later date. It farther appeared that the owner of these lands had another agent employed to sell them and that he, on the 22d of September, made a sale and entered into a written contract in his principal's name for a sale at $10,000. This fact it appears became known to Rouse on the 23d, after his parties had agreed to purchase, and considerable effort was afterwards made by the parties to this suit to evade the contract of September 22d and carry out the oral agreement made by Rouse, but in this they failed. There seems to have been no question made but that the

parties with whom Rouse had been negotiating were able and willing to carry out the agreement on their part, and that the owner of the lands was anxious to accept their terms and convey to them if he could.

It seems to me that this case is fully covered by the decision of this court in *McCreery v. Green* 38 Mich. 184. Rouse had found purchasers who were willing, ready and in a situation to take these lands on terms satisfactory to his principal, and the latter by a sale made to other parties through another agent alone prevented a completed sale. Rouse had fully performed on his part; he was not expected or authorized to make a written agreement, or bind his principal; he had authority to find a purchaser who would purchase at a price satisfactory to his principal, and this he did. Fox may have been unfortunate in employing more than one agent, but this was a matter of his own choosing, and until the authority given was revoked, they each had a right to find purchasers and earn their commissions.

I think the judgment should be affirmed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred.

COOLEY, J. I could concur in the opinion of my brother Marston if I took the same view of the facts which he takes. But as I understand the facts the claim of Rouse to recover the considerable commissions which were awarded to him, depends upon a spurious contract, contrived between himself and Fox with the dishonest purpose to defeat a sale which had actually been made of the same land by another agent. Such a pretended but fictitious sale can afford no basis for a recovery.